UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| ADAM FRANCE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 10-286-DCR |
| ) | |
| V. ) | |
| ) | |
| CHRISTINE BRAUN, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Adam France alleges that he was sexually harassed by Defendant Christine Braun when he was participating in the Kentucky Drug Court program under her supervision. According to France, Braun made numerous sexually suggestive remarks to him prior to his graduation from Drug Court in April 2010. France further asserts that after he had been conditionally discharged from the Drug Court program, Braun kissed him and touched him sexually.

France brought this suit pursuant to 42 U.S.C. § 1983, alleging that Braun's actions violated his right to equal protection. [*See* Record No. 1, p. 2 ¶ 1; *id.*, pp. 4-5 ¶ 14] In addition to Braun, France sued her regional supervisor, Susan Wilson; the director of statewide services, Connie M. Payne; and the director of the Administrative Office of the Courts, Laurie K. Dudgeon. He alleges that these defendants "fail[ed] to adequately and properly train, supervise, and/or retain" Braun, resulting in the alleged violation of his constitutional rights. [*Id.*, pp. 4-5 ¶ 14] France named each defendant individually and in her official capacity as an employee of

the Kentucky Administrative Office of the Courts. [*See* Record No. 1, p. 1] He seeks compensatory and punitive damages. [*Id.*, p. 5]

## ANALYSIS

Summary judgment is required when the moving party, using evidence in the record, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* (c)(1). To avoid summary judgment, the nonmoving party must do more than cast some "metaphysical doubt" on the material facts. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). Instead, he must present significant probative evidence of a genuine dispute. *Id.*

### A. Official-Capacity Claims

The defendants claim immunity based on the Eleventh Amendment, which "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The Eleventh Amendment "also bars suits for monetary relief against state officials sued in their official capacity." *Id.* France asserts that Eleventh Amendment immunity does not apply here [*see* Record No. 19, pp. 13-14]; however, as the defendants note, the cases cited by France involved claims against municipalities, not state officials. This distinction is critical, as the Supreme Court has ruled that a municipality (or its officials) may be sued under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), but has consistently held that the Eleventh Amendment's protection extends to "[s]tate officials . . . sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The rationale for this rule, the

*Graham* Court explained, is that "a judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Id.* (internal quotation marks omitted). It is undisputed that the defendants in this action are state officials. Thus, to the extent France has sued them in their official capacities, his claims are barred by the Eleventh Amendment.

### B.    Individual Liability

The individual-capacity claims against Dudgeon, Payne, and Wilson likewise fail. As noted previously, France alleges that these defendants failed to properly train and supervise Braun. [Record No. 1, p. 4 ¶ 14]  A plaintiff cannot recover under § 1983 based solely on a theory of *respondeat superior*. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Rather, he must show that "the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). In other words, a defendant's "mere failure to act" is insufficient to establish supervisory liability under § 1983. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Nor is it enough for the plaintiff to simply "point after the fact to a particular sort of training which, if provided, might have prevented the harm suffered in a given case." *Ontha v. Rutherford Cnty.*, 222 F. App'x 498, 505 (6th Cir. 2007). Therefore, to prevail on his claims, France must, "'[a]t a minimum,'" show that Braun's supervisors "'implicitly authorized, approved or knowingly acquiesced in'" the alleged sexual harassment. *Everson*, 556 F.3d at 495 (quoting *Shehee*, 199 F.3d at 300).

France maintains that Dudgeon, Payne, and Wilson may be held liable for Braun's alleged misconduct based on their "acquiescence in" her actions. [Record No. 19, p. 17]  In

support, he points to deposition testimony from Braun that supposedly indicates a lack of training in "boundary issues and therapeutic relations" — *i.e.*, acceptable interactions — between Drug Court participants and employees. [*Id.*] For example, France contends, without citation: "Defendant Braun testified that none of the training she received emphasized the problems associated with boundary issues or educated Drug Court personnel on dealing with potential issues." [*Id.*, p. 3] In fact, Braun's testimony was as follows:

> Q. [W]ould you agree with me that when AOC, or drug court, or the state, does training, that there is a lot of attention devoted to the issue of personal relationships and boundaries between, you know, supervisors, or counselors, or drug court employees and drug court participants; would you agree with that?
>
> A. Yes.

[Record No. 16-6, pp. 97-98] Payne also testified that Braun had received extensive training on this subject. [*See* Record No. 16-2, pp. 48-49]

Furthermore, France himself acknowledged that Braun knew it would be against the rules for her to have a sexual relationship with him. [Record No. 16-7, pp. 104-05] And Braun testified unequivocally that there was no confusion regarding whether she could engage in sexual relationships with participants, including those who had been conditionally discharged:

> Q. [S]o you knew that while you were an employee of the drug court, you were not, it would be prohibited and a violation of ethics, and maybe some other rules, to have a sexual relationship with a drug court participant or a person on conditional discharge?
>
> A. Yes.
>
> Q. There's never anything unclear about that?
>
> A. Yes, ma'am.

> Q. And you received training, I presume, on that sort of thing?
>
> A. Yes.
>
> Q. And it was enough to let you know that that would be a violation of the policies of the drug court?
>
> A. Yes, ma'am.

[*Id.*, pp. 98-99]

In short, the record is clear that Braun's training was not deficient such that it would have led to the constitutional violations alleged here. Braun was repeatedly instructed on "boundary issues" and knew that she was prohibited from engaging in sexual relations with Drug Court participants. And France has presented no evidence to the contrary.[1] The Court therefore agrees with the defendants that "[i]f [Braun] committed the acts attributed to her by Mr. France, it was not because of a lack of training," but rather "in spite of her training, knowing she was violating the policies of the AOC." [Record No. 23, p. 12]

Nor do France's vague assertions of inadequate supervision support a cause of action against Dudgeon, Payne, and Wilson. To be liable, these defendants must have "knowingly acquiesced in" the alleged sexual harassment. *Everson*, 556 F.3d at 495. France, however, offers no evidence that Braun's supervisors were aware at the time of the alleged harassment that

---

[1] France misrepresents the record with respect to Braun's testimony that she received inadequate guidance on dealing with conditionally-discharged Drug Court participants. [*See* Record No. 19, p. 6] Although Braun did say that she felt the rules governing her interactions with conditionally discharged participants were unclear, that statement was in the context of a discussion concerning what she understood to be the rule she had violated — which was allowing France in her car, not engaging in a sexual relationship with him. [Record No. 16-6, p. 90; *see id.*, pp. 87-92] As quoted above, Braun was well-aware that the latter was prohibited. [*Id.*, pp. 98-99]

she had taken inappropriate actions toward him or any other Drug Court participant.[2]  Instead, he complains that Braun should have been supervised more closely because she was a recovering addict and that Drug Court staff should not have been permitted to attend AA meetings with program participants.  [*See* Record No. 19, pp. 17-19]  As previously explained, however, a "mere failure to act" cannot establish supervisory liability in a § 1983 case, and that is all France has alleged here.[3]  *Summers*, 368 F.3d at 888.  Because the evidence of record does not support France's allegations of inadequate training and supervision, he cannot prevail on these claims, and summary judgment is appropriate.

Braun, however, has not demonstrated that she is entitled to summary judgment in her individual capacity.  Although she joined in the motion for summary judgment filed by the other defendants, only the Eleventh Amendment issues raised in that motion apply to her; for obvious reasons, the supervisory-liability rules offer her no protection.  In light of the deposition testimony, a genuine dispute remains as to whether Braun committed the actions alleged by France.  As a result, the individual claims against her will not be dismissed.

---

[2]  Wilson testified that she learned after Braun had been terminated as a Drug Court employee that Braun was involved in a relationship with another Drug Court participant. [Record No. 16-8, pp. 86- 90]  However, that relationship reportedly did not begin until after Braun was fired. [*See id.*, pp. 89-90; Record No. 16-6, p. 33]

[3]  France articulates this argument as follows: "Defendants even failed to take measures to enforce the prohibition against developing personal relationships outside the business context by condoning the development of these relations by failing to prohibit Drug Court personnel from participating in AA groups with Program participants." [Record No. 19, pp. 19-20]

## CONCLUSION

The official-capacity claims asserted in this action are barred by the Eleventh Amendment. Further, Defendants Dudgeon, Payne, and Wilson have shown, based on the evidence of record, that France cannot prevail on the individual-capacity claims against them. However, Braun has made no such showing. Accordingly, it is hereby

**ORDERED** as follows:

(1)　The Motion for Summary Judgment filed by Defendants Laurie K. Dudgeon, Connie M. Payne, and Susan Wilson [Record No. 16] is **GRANTED** with respect to all claims asserted against Dudgeon, Payne, and Wilson in this matter. The claims against these defendants are **DISMISSED**, with prejudice.

(2)　Defendant Christine Braun's motion for summary judgment [Record No. 17] is **GRANTED** regarding the claims asserted against Braun in her official capacity. The motion is **DENIED** with respect to claims asserted against Braun in her individual capacity.

(3)　The Objections to Exhibits filed by Defendants Dudgeon, Payne, and Wilson [Record No. 34] are **OVERRULED** as moot. Braun's objections will be addressed at the final pretrial conference in this matter.

This 10th day of January, 2012.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge